**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CONSERVATION LAW FOUNDATION, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD J. TRUMP, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-1528 (JEB)** |

**MEMORANDUM OPINION AND ORDER**

Three environmental non-profits and an individual Mainer brought this action challenging the Trump Administration's revocation of commercial-fishing restrictions in the Northeast Canyons and Seamounts Marine National Monument. Fishermen Frank Green and Robert Conrad now move to intervene as defendants to "advance statutory and constitutional defenses that the Federal Defendants will not," including arguments that the original fishing ban and the underlying Monument designation were themselves unlawful from the start. See ECF No. 25-1 (Mot.) at 12–14. Because Movants plan to present arguments that may bear on the lawfulness of the ban's revocation and would not unduly expand the scope of the litigation, the Court will grant the Motion and permit intervention.

## I. Background

Off the coast of southern New England, conservationists and commercial fishermen have faced shifting winds for some time. The fishing restrictions at issue originally took effect in 2016, after President Obama designated some of the seabed a National Monument. The first Trump Administration then rescinded his actions in 2020, the Biden Administration restored

them in 2021, and the second Trump Administration has now attempted to revoke them again through both a presidential proclamation and a rule promulgated by the National Marine Fisheries Service. See Mot. at 3–4; ECF No. 44 (Am. Compl.), ¶¶ 2–3, 6.

Plaintiffs contend that both recent actions were unlawful. They seek declarations that the President lacks authority under the Antiquities Act and the U.S. Constitution to revoke the fishing ban and that the agency rule cannot stand under the Administrative Procedure Act, the Magnuson-Stevens Act, or the National Environmental Policy Act. See Am. Compl. at 81–82 (prayer for relief). They urge the Court to set aside the rule and direct Agency Defendants to carry out their duties consistent with the 2016 fishing restrictions. Id. at 82 (same).

Green and Conrad now jointly move to intervene on the side of Defendants, attaching a Proposed Answer. See ECF No. 25-4 (Proposed Answer). They describe themselves as "licensed commercial fishermen who fish in the Monument's waters when it is lawful to do so" and who stand to lose access to "millions of acres of fishable waters" if Plaintiffs prevail. See Mot. at 1, 3. No strangers to Plaintiffs, they previously filed a lawsuit in the Eastern District of New York to challenge the Biden Administration's fishing ban, and Plaintiffs intervened there to defend the restrictions; that case was stayed in light of the Trump Administration's then-planned, and now-effective, repeal. See Am. Compl., ¶ 103 (citing Green v. Biden, No. 24-1975 (E.D.N.Y. filed Mar. 18, 2024)); Mot. at 3.

Another fisherman, Jonathan Williams, moved without opposition to intervene in this case, and the Court granted his Motion by Minute Order. See Minute Order of Sep. 3, 2026. While Green and Conrad's stake in this dispute somewhat resembles that of Williams, their request rests in part on the substance of their distinctive arguments and thus requires further analysis. Unlike for Williams, Plaintiffs oppose their Motion. See generally ECF No. 40 (Opp.).

## II. Legal Standard

Federal Rule of Civil Procedure 24(a) addresses intervention as of right, and Rule 24(b) covers permissive intervention. Rule 24(a)(2) requires courts to permit anyone to intervene who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Put another way, "a party seeking to intervene as of right must satisfy four requirements: 1) the application to intervene must be timely, 2) the party must have an interest relating to the property or transaction which is the subject of the action, 3) the party must be so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest, and 4) the party's interest must not be adequately represented by existing parties to the action." Building & Constr. Trades Dep't, AFL-CIO v. Reich, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (citation omitted).

Rule 24(b), conversely, allows courts to grant intervention where the intervenor makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." "In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." EEOC v. Nat'l Child.'s Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citation omitted). The court also "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Ultimately, the decision whether to grant permissive intervention is "an inherently discretionary enterprise." Nat'l Child.'s Ctr., 146 F.3d at 1046.

## III. Analysis

Although Movants may be able to intervene here as a matter of right, the Court need not so decide because it will grant them permissive intervention.

The Rule 24(b)(2) factors favor such a result. First, Movants' inclusion would not present a subject-matter-jurisdiction problem because they do not ask the Court "to adjudicate an additional claim on the merits." Id.; Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 663 (2019) (where intervenor participates in support of defendants at this stage, that role does not "entail[] invoking a court's jurisdiction"). Instead, as explained below, they seek "the same relief sought by the Federal Defendants and no more" — namely, "denial of Plaintiffs' claims and judgment for Defendants." ECF No. 47 (Reply) at 7; see generally Proposed Answer; but see Opp. at 9, 11, 16 (arguing that Movants effectively seek to bring "crossclaims" for different relief).

Second, the Motion was timely. In assessing timeliness, courts consider not only how much time elapsed between when the applicant learned about the lawsuit and when he filed his motion to intervene, but also the "purpose of the intervention," the "necessity for intervention to preserve" the applicant's rights, and the "probability of prejudice" to existing parties. Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc., 205 F.R.D. 1, 6 (D.D.C. 2000) (citing Hodgson v. United Mine Workers of Am., 473 F.2d 118, 129 (D.C. Cir. 1972)). Here, there was a gap of nearly three months between the filing of the original Complaint and the Motion to Intervene. See ECF No. 1 (Compl.) (filed on May 4, 2026); Mot. (filed on July 31, 2026). Although such a lag is relevant, it does not automatically sink the Motion, see Nat'l REO Mgmt., 205 F.R.D. at 6 — especially because the other timeliness factors tilt in Movants' favor. In particular, Green and Conrad's intervention would not prejudice any party since "no defendant

has answered, [and] the Court has entered no scheduling order." Mot. at 3; see also id. (noting that intervention would "add[] no briefing" to Government's pending Motion to Dismiss); Opp. at 13 n.7 (not disputing timeliness).

Third, Movants' planned defenses share a common question of law with the main action: whether the Trump Administration's revocation of the fishing ban was lawful, which depends in part on the scope of presidential authority under the Antiquities Act — an issue central to this case and Movants' arguments. See 54 U.S.C. § 320301(b); Reply at 12; Am. Compl., ¶¶ 218–19. Plaintiffs dispute such commonality on the ground that their litigation raises a narrower range of legal questions than Movants would have the Court consider. See Opp. at 13. It is true that Green and Conrad's arguments "raise complicated statutory interpretation and separation of powers questions," albeit some that have been already resolved by the Circuit. Id. at 13–14; see also Mot. at 14–15 (urging abrogation on appeal of Massachusetts Lobstermen's Association v. Ross, 945 F.3d 535 (D.C. Cir. 2019), cert. denied sub nom. Mass. Lobstermen's Ass'n v. Raimondo, 592 U.S. 1329 (2021) (mem.)). But the complexity or breadth of an argument does not change the nature of the legal question it purports to answer.

Nor does it change the relief sought. Separate and apart from the factors for permissive intervention, "it is well settled in this circuit that an intervening party may join issue only on a matter that has been brought before the court by another party" — an appellate-intervention rule that judges in our district have relied upon to bar intervenors from adding new claims to a case at the trial level. Heritage Found. v. Dep't of Just., 2026 WL 1429952, *6 (D.D.C. May 21, 2026) (quotation marks and citation omitted); see also, e.g., Seminole Nation of Oklahoma v. Norton, 206 F.R.D. 1, 7 (D.D.C. 2001) (quoting Illinois Bell Tel. Co. v. FCC, 911 F.2d 776, 786 (D.C. Cir. 1990)). Plaintiffs thus argue that intervention is impermissible because Movants seek to

bring "crossclaims" against the Government for additional declaratory relief, which in turn "could have ramifications beyond eliminating the commercial fishing ban." Opp. at 9; id. at 8 n.5 (suggesting that "Movants' arguments [could] result in the Monument being declared unlawful"); see also id. at 12 ("Movants may not permissively intervene to add new collateral claims.") (formatting altered).

That argument elides the distinction between a theory and a claim. Green and Conrad urge a "theory" that, if accepted, would not "enlarge [their] rights" unless a court were to add, *sua sponte*, relief beyond what they or the existing parties request. Jennings v. Stephens, 574 U.S. 271, 276 (2015); see also Reply at 8 ("Mr. Green and Mr. Conrad do not seek any decree from the Court, neither vacatur, nor injunction, nor declaratory judgment."). While their arguments may sweep more broadly than those advanced by the Government, Movants do not seek to alter the scope of a potential judgment for Defendants. Cf. Heritage Found., 2026 WL 1429952, at *6 (barring intervenor's cross-claims seeking relief not pursued by other parties); Mandan, Hidatsa & Arikara Nation v. U.S. Dep't of the Interior, 66 F.4th 282, 287 (D.C. Cir. 2023) (Pillard, J., concurring) (urging clarification of whether intervenor seeks additional relief to determine whether intervention would "transform" the suit). It is the judgment, ultimately, not the reasoning behind it, that determines the parties' rights. Jennings, 574 U.S. at 277; cf. Haaland v. Brackeen, 599 U.S. 255, 294 (2023) ("It is a federal court's judgment, not its opinion, that remedies an injury . . . .").

Finally, Green and Conrad's participation would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see Opp. at 12, 14–15. As discussed above, they have not even filed a proposed motion to dismiss, and they will be held to the same summary-judgment timetable as Defendants.

The Court will thus permit Green and Conrad to intervene and will decline Plaintiffs' invitation to limit their participation to the arguments made by existing parties. See Opp. at 15–16. To the extent that Green and Conrad later wish to bring claims for additional relief, they would need to file a separate motion requesting permission to do so, as Plaintiffs suggest. See id. at 15.

## IV. Conclusion

The Court accordingly ORDERS that:

1. Green and Conrad's [25] Motion to Intervene is GRANTED; and
2. Intervenors shall comply with the same deadlines and Court Orders as Defendants.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 1, 2026